WARREN WHEELER, Plaintiff in Error, v. RUFUS BROWN, and SARAH H. BROWN, Defendants in Error.

### ERROR TO COOK.

*Where it appears that a promissory note, which had been placed by a trustee in the hands of his creditor as collateral security for a debt of his own, had upon a settlement between said trustee and his creditor, been agreed to be given up, equity will enforce the agreement for the benefit of the cestui qui use.*

A NOTE had been given to Charles F. Howe as trustee of Sarah H. Brown, who was a married woman, in consideration of the conveyance by her of certain real estate held in her own right, which note was secured by a deed of trust on the estate conveyed.

The bill is brought for the sole use and benefit of Sarah H. Brown.

It is alleged therein, among other things :

That said note is the oratrix' sole and separate property; that it is secured by trust deed, etc.; that she is informed and believes that Chas. F. Howe or Joseph W. Howe, having the custody of said note, fraudulently and without any right, transferred and delivered said note to one Warren Wheeler, of Racine, in the State of Wisconsin, as collateral security, to secure an indebtedness from said C. F. Howe, or from said J. W. Howe, to said Wheeler, and that said transfer of said note to said Wheeler, was made without her consent; that Wheeler knew, when he took said note, that it was the sole and separate property of your oratrix, and that said C. F. or J. W. Howe had no right to transfer the same to him.

That said Wheeler now holds said note, or has the same under his power and control, and claims to hold the same as his property, to secure him the payment of an indebtedness due him from said Chas. F. Howe, or him and said J. W. Howe; that she has applied to Wheeler for said note ; that he refuses to let her have it; that it comprises all the property she owns, except a trifling amount of household furniture, etc.; husband is poor and infirm, etc.; that she is dependent on this for support, etc.

The bill was amended, in which amendment it is alleged, that on or about 1st of August, 1857, said Chas. F. Howe and J. W. Howe, both or one of them, in behalf of the Charlotteville Lumbering Company and themselves, entered into negotiation with said Wheeler, whereby they and Geo. Bridgman conveyed to said Wheeler, in due form of law, absolute and unconditional on its face, certain real estate in Berrien county, State of Michigan, known as and by the name of the Charlotteville Mill property,

consisting of 1,190 acres of land, upon which there was and now is a saw-mill, etc.; that at the time of executing to Wheeler said deed, Wheeler expressly agreed with J. W. and Chas. F. Howe, and promised them that he would surrender, return, give up and deliver to your oratrix, said note without delay, and relinquish his lien thereon; that said Wheeler's promise and agreement made with said C. F. and J. W. Howe, was understood as the consideration or a part of the consideration of and for said deed; that by the terms of negotiation and agreement so made with the said Wheeler, a part of the consideration of the said deed, was that the said Wheeler agreed and promised to return and deliver up to the oratrix the said note for $6,000; that part of said negotiation, consideration, execution and delivery of said deed, was for the express and avowed purpose of procuring the surrender and delivering up of said note to the oratrix."

The first answer of Wheeler admits the note was made to Chas. F. Howe, for the sole and separate use of the oratrix, as alleged in the bill. And says he did, on or about the 1st of July, 1856, loan to the said Howes, ($10,000) ten thousand dollars, and, as part security for the same, took of Howe this note; and says that after he loaned the money to Howe, and had taken this note as part security therefor, the oratrix ratified the transfer; that he was informed and believed Howe had authority to use and transfer the note as security for any money he might borrow. Admits the oratrix has recently demanded the note of him, and that he refused to deliver it to her, and claims to hold it as security for the indebtedness of Chas. F. Howe to him.

Wheeler, in his answer to this amendment, says: That on or about the 1st of August, 1857, the said Howes and Bridgman were indebted to him in a large amount; that said Howes, acting for themselves, and said Bridgman, had a meeting with this defendant at the office of Monroe & Spencer, in Chicago, for the purpose of settling or arranging said indebtedness.

Says that he had, at that time, a mortgage upon said Berrien county land, but it was uncertain whether said mortgage would cover the whole of the money advanced by this defendant to said Howes and Bridgman upon said property, and that he wished them to put the matter in a different shape. That said Howes proposed to give him further security for his said debt upon said land in Berrien county, consisting of 1,190 acres. That it was finally agreed by and between said Howes and himself, that for his further security a deed should be made to him of said property, with the understanding that said Howes and Bridgman should have the right to pay up said indebtedness, and have the property released to them. And he denies said property was ever absolutely deeded to him, and says that at

the time of delivering said deed, he gave a contract in writing to re-deed, on payment of the indebtedness, to him. That the transaction was a mortgage to him. That the only object he had in taking said deed, was to become better secured, and that he did not agree to give up said note.

The following is the decree of the Circuit Court, MANNIERE, Judge, presiding :

This cause having been brought on for hearing, upon the pleadings filed, the exhibits filed, the proofs taken therein and the exhibits filed as evidence ; and the original and amended bills of complainant having been taken as confessed against the defendants, C. H. Harrison and B. F. Bradley, H. S. Monroe and C. H. Spencer, and counsel both for complainants and defendants having been heard ; and the court now being fully advised in relation to the matter ; and it appearing to the satisfaction of the court that the said promissory note of the said C. H. Harrison and B. F. Bradley in the original bill of complainant mentioned and described, was made payable to C. F. Howe, the trustee of the complainant, the said Sarah D. Brown, and for the sole and separate use and benefit of the said Sarah D. Brown ; and it further appearing to the satisfaction of the court that the said Sarah D. Brown then was, and now is, the wife of the said Rufus B. Brown ; and that the said note has been assigned to the defendant, Warren Wheeler, for a valuable consideration, by the consent of Sarah D. Brown ; and it further appearing to the satisfaction of the court that the said C. F. Howe and J. W. Howe, on or about the 1st day of August, 1857, in behalf of themselves and the Charlotteville Lumbering Company, entered into a negotiation with the said Warren Wheeler, whereby the said C. F. Howe, J. W. Howe and George Bridgman conveyed to the said Warren Wheeler, by deed absolute on its face, certain real estate lying and being in the county of Berrien, Michigan, known as and by the name of the Charlotteville Mill property ; and it further appearing to the satisfaction of the court that the said Warren Wheeler, in part consideration of said conveyance, agreed with the said C. F. Howe and J. W. Howe to return said note to said Sarah D. Brown ; and it further appearing to the satisfaction of the court, that a part of the terms of said negotiation and agreement so made between said C. F. Howe and J. W. Howe, and Warren Wheeler, was, that the said Warren Wheeler should deliver said $6,000 note to said Sarah D. Brown ; and it further appearing to the satisfaction of the court, that the said defendant, Warren Wheeler, failed to deliver or surrender said note to said Sarah D. Brown, and that the said Warren Wheeler was proceeding to collect the same for his own benefit ; and it further appear-

ing to the satisfaction of the court, that the said Warren Wheeler is a non-resident of the State of Illinois, and was such non-resident at the commencement of this suit; that said C. F. Howe is a non-resident of the State of Illinois, that he was such non-resident, and insolvent, at the commencement of this suit; and it further appearing to the satisfaction of the court, that said H. S. Monroe and C. H. Spencer had and now have possession of the said note, as the attorneys only of the said Warren Weeler, and not otherwise; and it further appearing to the satisfaction of the court, that the said Sarah D. Brown is now entitled to the possession of said note, as her sole and separate property: It is now ordered, adjudged and decreed by the court, that the injunction granted herein be perpetual, and the said Warren Wheeler and all others as his agents or attorneys, are hereby perpetually enjoined from proceeding to collect said note, or any part thereof, and the said Warren Wheeler, H. S. Monroe and C. H. Spencer are hereby ordered, adjudged and decreed to deliver said note to said Sarah D. Brown; and it is further ordered, adjudged and decreed that the said Warren Wheeler do, within twenty days of the date hereof, assign said note without recourse to the said Sarah D. Brown, for her sole use and benefit; and it is further ordered, adjudged and decreed, that L. C. P. Freer, the master commissioner, do make said assignment, if the said Warren Wheeler shall fail so to do within twenty days of the date thereof.

And it is further ordered, adjudged and decreed, that the said Warren Wheeler do pay the complainants their costs in this behalf expended, to be taxed by the clerk of this court, and that the said complainants may have execution therefor against said Warren Wheeler.

C. H. SPENCER, for Plaintiff in Error.

H. P. SMITH, for Defendant in Error.

CATON, C. J.   All there is of this case depends upon a simple question of fact.   Was it agreed by Wheeler at the time the contract of the settlement between Wheeler and the Howes was made, that Wheeler should give up the note in controversy to the complainant, Mrs. Brown?   If so, then that contract of settlement was a sufficient consideration for the agreement, and a court of equity ought to enforce it for her benefit.   The proof is such as not only authorized, but, as we think, required the court so to find.   Both the Howes so testify, and there is really no proof to the contrary.   There are circumstances which, no doubt,

tend to impair the strength of their testimony, but by no means sufficient to overcome it.

The decree must be affirmed.                    *Decree affirmed.*